United States District Court
Southern District of Texas
**ENTERED**
May 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS ALBERTO TRAVIESO-VEGA, | § § § § § | CIVIL ACTION NUMBER 4:26-cv-02489 |
| Petitioner, | | |
| versus | § § § | JUDGE CHARLES ESKRIDGE |
| BRYAN UHLS, *et al*, | § § | |
| Respondents. | § | |

## ORDER ON DISMISSAL

Pending is a petition for writ of *habeas corpus* by Petitioner Luis Alberto Travieso-Vega. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention under 8 USC §1225(b), after being previously detained and released on his own recognizance pursuant to 8 USC §1226(a), violates the Due Process Clause of the Fifth Amendment. Id at ¶¶16, 34–43.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 6 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. It maintains that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Dkt 6 at 1–2. It further contends that Petitioner's arguments fail on the merits. Id at 3–4.

Petitioner in reply maintains that his detention violates due process and further argues that he received procedurally inadequate notice of the revocation of his release. See Dkt 7 at 5–9.

As noted in prior order, the Fifth Circuit has issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that (i) procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A), and (ii) pre-removal-order detention without a bond hearing pending removal proceedings didn't violate substantive due process, where not exceeding the presumptively reasonable six-month period enunciated in *Zadvydas v Davis*, 533 US 678, 701 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims under the *Accardi* doctrine as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

- o *Marcelo-Aguila v Noem*, 2026 WL 936337 (SD Tex): Holding that an alien's prior release on

2

> supervision doesn't constrain the Government's authority to detain an applicant for admission under §1225(b)(2)(A) without an individualized custody determination.
>
> o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, April 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas* as to post-removal-order detention.

The arguments presented by Petitioner in the petition and reply brief largely raise issues resolved to the contrary in the decisions cited above.

With respect to assertion of inadequate notice prior to arrest, Petitioner cites 8 CFR §212.5(e). That regulation is inapplicable as it concerns revocation of parole rather than revocation of conditional release. Regardless, such contention seeks to tie legality of detention to the procedures during arrest. See Dkt 7 at 8–9. As noted above, such argument is unavailable for relief on *habeas corpus*, where the question is the legality of detention itself. See *Llanes Carnesolta,* 2026 WL 948727 at *4.

Petitioner hasn't established that his current detention violates either the Constitution or federal law. As indicated in the original notice to appear submitted with the petition, Petitioner "has not been admitted or paroled" into the United States. Dkt 1-2 at 5. The Fifth Circuit's holding in *Buenrostro-Mendez* thus pertains.

The motion by the Government for summary judgment is GRANTED. Dkt 6.

The petition for writ of *habeas corpus* by Petitioner Luis Alberto Travieso-Vega is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

So ORDERED.

Signed on ___May 26, 2026___ , at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge